**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4122

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEROY SINGLETON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (5:07-cr-00164-F-1)

Submitted:  July 24, 2008          Decided:  September 18, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, James E. Todd, Jr., Research and
Writing Specialist, Raleigh, North Carolina, for Appellant. George
E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi
Rangarajan, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Leroy Singleton pled guilty to mail fraud, in violation of 18 U.S.C.A. § 1341 (West 2000 & Supp. 2008). At sentencing, the district court departed upward from the advisory Guidelines pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3 (2007), because Singleton's criminal history category under-represented the seriousness of his past criminal conduct and the likelihood that he would recidivate. Singleton was sentenced to a term of seventy months' imprisonment. Because the district court speculated that Singleton had likely been involved in additional criminal activity, we are compelled to find the district court's upward departure was unreasonable and therefore vacate Singleton's sentence and remand for resentencing.

Following United States v. Booker, 543 U.S. 220 (2005), appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at

- 2 -

597. In the event the sentencing court decides to impose a sentence outside the recommended Guidelines range, the sentencing court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the [departure]." Id.

If there are no procedural errors, we then consider the substantive reasonableness of the sentence. Id. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597). While we may presume a sentence within the Guidelines range to be reasonable, we may not presume a sentence outside the range to be unreasonable. Id. Moreover, we must give due deference to the district court's decision that the § 3553(a) factors justify imposing a variant sentence and to its determination regarding the extent of any variance. Id.

A district court may depart upward based on the inadequacy of the defendant's criminal history if "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. To make that determination, a court may consider prior sentences not used in the criminal history calculation, prior sentences of "substantially

- 3 -

more than one year" comprised of independent crimes committed at different times, prior similar misconduct resolved by civil or administrative adjudication, charges pending at the time of offense, or prior similar conduct that did not result in a conviction.  See USSG § 4A1.3(a)(3)(A-E).

The district court used Singleton's history of fraudulent behavior to conclude he had likely engaged in additional criminal conduct not reflected in the criminal history category.  We conclude that this finding was unduly speculative and that the court's reliance on it rendered Singleton's sentence unreasonable. Because we cannot determine from the record that the finding "did not affect the district court's selection of the sentence imposed," Williams v. United States, 503 U.S. 193, 203 (1992), we therefore vacate the sentence imposed by the district court and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED